Kathyleen A. O'Brien (SBN 94218)
kobrien@reedsmith.com
Rachel A. Rubin (SBN 263753)
rrubin@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: 310.734.5200
Facsimile: 310.734.5299

Attorneys for Plaintiff
Forever 21, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOREVER 21, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>ULTIMATE OFFPRICE, INC., a California corporation,<br><br>            Defendant. | No.: CV 10-5485 ODW (JCGx)<br><br>**PRELIMINARY INJUNCTION ORDER**<br><br>Complaint filed: July 23, 2010 |

Having reviewed the Stipulation to Issuance of Preliminary Injunction entered into between Plaintiff Forever 21, Inc. ("Forever 21") and Defendant Ultimate OffPrice, Inc., ("Ultimate OffPrice"), and good cause appearing, the Court hereby finds as follows.

1. WHEREAS Forever 21 is the owner of numerous trademarks which it uses in connection with the manufacture, distribution, sale and promotion of a wide range of products, including clothing and accessories. Forever 21 owns all rights in and to a family of Forever 21 federally registered trademarks which include the following, among others (collectively, "FOREVER 21 Registered Marks"):

| Trademark | Reg. No. | Reg. Date |
|---|---|---|
| FOREVER 21 | 2,583,457 | June 18, 2002 |
| FOREVER 21 | 2,836,546 | April 27, 2004 |
| FOREVER 21 | 2,913,132 | December 21, 2004 |
| FOREVER 21 | 2,067,637 | June 3, 1997 |
| XXI | 2,873,174 | August 17, 2004 |
| XXI | 2,914,810 | December 28, 2004 |
| XXI | 2,842,184 | May 18, 2004 |
| HERITAGE 1981 | 3,447,097 | June 10, 2008 |
| FORLOVE21 | 3,140,565 | September 5, 2006 |
| FORLOVE21 | 3,140,561 | September 5, 2006 |
| LOVE & BEAUTY | 3,794,963 | May 25, 2010 |
| LOVE 21 | 3,775,903 | April 13, 2010 |
| TWELVE BY TWELVE | 3,518,050 | October 14, 2008 |
| FOREVER STATIONERY | 3,689,946 | September 29, 2009 |
| FOREVER XXI | 2,889,536 | September 28, 2004 |
| FOREVER XXI | 2,940,346 | April 12, 2005 |
| FASHION 21 | 2,848,238 | June 1, 2004 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

2. WHEREAS Forever 21 also owns all rights in and to a family of Forever 21 common law trademarks which include the following (collectively, "FOREVER 21 Common Law Marks"):[1]

**Trademark**

TWENTY ONE and Bird Design

XXI and Bird Design

21

I ♥ H81

F21

HTG81

FAITH 21

I LOVE H81

2.1 DENIM

LIFE IN PROGRESS

JOY21

PEACE 21

21 MEN

TWENTYONE MEN

SOPHIE & ME

CEREAL

3. WHEREAS on July 23, 2010, Forever 21 filed its Complaint in this Civil Action No. CV10-5485 ODW (JCGx) against Ultimate OffPrice, alleging causes of action under § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) for infringement of

---

[1] All of Forever 21's trademarks including the FOREVER 21 Registered Marks and the FOREVER 21 Common Law Marks are referred to collectively herein as "the FOREVER 21 Marks."

federally registered trademarks, under § 43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin Ultimate OffPrice's current and prospective infringement and dilution of the FOREVER 21 Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. WHEREAS on July 23, 2010, Forever 21 also filed a motion for preliminary injunction seeking to enjoin Ultimate OffPrice from infringing the FOREVER 21 Registered Marks and FOREVER 21 Common Law Marks (collectively, "FOREVER 21 Marks").

5. WHEREAS Forever 21 served the Complaint and preliminary injunction motion papers on Ultimate OffPrice on July 30, 2010.

6. WHEREAS Ultimate OffPrice, having reviewed the papers and evidentiary support submitted with Forever 21's motion for preliminary injunction, Ultimate OffPrice has agreed to stipulate to the issuance of a preliminary injunction with respect to the matters referenced in the parties' stipulation and the parties have filed that stipulation agreeing to the issuance of such preliminary injunction.

7. WHEREAS Ultimate OffPrice admits that, without Forever 21's knowledge or consent, it purchased and sold in interstate commerce counterfeit and non-genuine clothing products which displayed, infringed, and diluted the FOREVER 21 Marks.

8. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Preliminary Injunction Order on this Stipulation for Entry of Preliminary Injunction.

9. WHEREAS the parties agree that the preliminary injunction shall remain in full force and effect through the final disposition of this action and that any right to

set aside the preliminary injunction, appeal therefrom or to otherwise attack its validity is hereby waived.

NOW THEREFORE, IT IS HEREBY ORDERED THAT Ultimate OffPrice and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persons acting in concert or participation with it, and each of them, are, through the final disposition of this action, PRELIMINARILY ENJOINED from:

    a.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit Forever 21 product identified in the Complaint and any other unauthorized Forever 21 product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b.    The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any FOREVER 21 Mark, trade name and/or trade dress including, but not limited to, any FOREVER 21 Mark at issue in this action.

    c.    The unauthorized use, in any manner whatsoever, of any Forever 21 trademark, trade name and/or trade dress including, but not limited to, the FOREVER 21 Marks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

    (i)    on or in conjunction with any product or service; and

    (ii)    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

       d.      The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by Ultimate OffPrice originates from Forever 21, or that said merchandise has been sponsored, approved, licensed by, or associated with Forever 21 or is, in some way, connected or affiliated with Forever 21.

       e.      Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Ultimate OffPrice itself is connected with, or is in some way sponsored by or affiliated with Forever 21, purchases product from or otherwise has a business relationship with Forever 21.

       f.      Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Forever 21.

       g.      Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of the FOREVER 21 Marks; and/or

      h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any FOREVER 21 Mark or which otherwise refer or relate to Forever 21 or any FOREVER 21 Mark.

      IT IS SO ORDERED.

DATED: August 18, 2010

_____
HONORABLE OTIS D. WRIGHT II
United States District Judge

US_ACTIVE-104294269